**Kevin S. Mapes,** OSB No. 020079
kmapes@balljanik.com
**James C. Prichard,** OSB No. 993492
jprichard@balljanik.com
BALL JANIK LLP
101 SW Main Street, Suite 1100
Portland, Oregon  97204-3219
503-228-2525
Fax 503-226-3901
*Attorneys for Plaintiff Executive 1801
  Apartments, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| EXECUTIVE 1801 LLC, an Oregon limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>EAGLE WEST INSURANCE COMPANY, a California corporation,<br><br>    Defendant. | Case No. 3:18-CV-00580<br><br>**COMPLAINT (BREACH OF CONTRACT; BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Executive 1801 LLC alleges as follows:

**PARTIES**

1.

Plaintiff Executive 1801 LLC ("Executive 1801") is an Oregon Limited Liability

Company.

---

PAGE 1 - COMPLAINT

2.

Defendant Eagle West Insurance Company ("Eagle West" or "EWIC") is a California corporation with its principal place of business in Monterey, California. At all relevant times, Eagle West was authorized to conduct insurance business in the State of Oregon.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over this matter under 28 U.S.C. § 1332, because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000, exclusive of interest and costs.  Venue is proper in this district under 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## GENERAL ALLEGATIONS

4.

Executive 1801 is the owner of a community of residential apartments located in northeast Portland, Oregon ("the Property"). The Property consists of 86 residential units in six buildings, each two or three stories in height.

5.

Eagle West issued a series of "all-risk" commercial property insurance policies covering the Property from January 1, 2006 through January 4, 2016 ("the Policies").

6.

In the Policies, Eagle West agreed to provide commercial property coverage for the Property, covering damage to property caused by all risks not specifically excluded and including coverage for collapse. The Policies further provide that where a non-excluded cause of

loss ensues from a covered cause of loss, the Policies provide coverage for property damage caused by the ensuing non-excluded cause of loss. Under the Policies, Eagle West also agreed to pay for rental losses that resulted from a covered loss.

7.

While the Policies were in force, the Property suffered property damage not otherwise excluded under the Policies.

8.

While the Policies were in force, the Property suffered a state of collapse.

9.

As a result of the covered property damage and collapse, Executive 1801 sustained significant loss and damage to the Property and significant loss of rental income.

10.

Executive 1801 timely reported the property damage, including collapse, to Eagle West ("the Claim").

11.

Eagle West acknowledged the Claim and requested additional documentation and information, which Executive 1801 provided.

12.

Eagle West requested that it be allowed to inspect the property and conduct certain destructive testing. Executive 1801 fully complied with all of Eagle West's requests.

13.

Executive 1801 retained the services of a forensic engineer to investigate the property damage and collapse at the Property. Executive 1801 provided Eagle West with a  copy of the

---

PAGE 3 - COMPLAINT

report prepared by Executive 1801's forensic engineer, who found substantial collapse conditions at the Property.

14.

At all times since reporting the Claim, Executive 1801 fully cooperated with Eagle West and complied with all conditions of the Policies.

15.

The Claim was reported to Eagle West in June 2016. Nearly two years later, in March 2018, Eagle West issued a letter denying coverage. In its letter denying coverage, Eagle West made no reference to the report by Executive 1801's structural engineer, which found substantial collapse conditions at the Property.

16.

In its letter denying coverage, Eagle West relied upon certain excluded causes of loss in the Policies, without addressing property damage that ensued from non-excluded causes of loss.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

17.

Executive 1801 re-alleges the preceding paragraphs as though fully set forth herein.

18.

The Claim is covered by the terms of the Policies.

19.

Eagle West has breached its obligations under the Policies by failing to pay the Claim.

20.

As a direct and proximate result of Eagle West's breach of contract, Executive 1801 has been damaged in an amount to be determined at trial, including damages associated with covered property damage and collapse of not less than $3,000,000 and associated loss of rental income.

21.

Because Eagle West compelled Executive 1801 to pursue litigation in order to secure the benefits of the Policies, Executive 1801 is entitled to an award of its attorneys' fees and costs pursuant to ORS 742.061.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

22.

Executive 1801 re-alleges the preceding paragraphs as though fully set forth herein.

23.

The Policies include and are subject to an implied covenant of good faith and fair dealing.

24.

Under the implied covenant of good faith and fair dealing, Eagle West has a contractual obligation not to place its own interests above those of Executive 1801, to give Executive 1801's interests, including financial interests, at least as much consideration as it gives its own interests, and to refrain from taking any actions that interfere with Executive 1801's right to enjoy the full benefits provided by the Policies.

25.

Under the implied covenant of good faith and fair dealing, Eagle West has a contractual obligation to fully consider all evidence and not to give undue weight to evidence supporting a denial of coverage.

26.

Eagle West breached the implied covenant of good faith and fair dealing, including but not limited to the following examples: 1) failing to issue a coverage determination in a timely manner; 2) failing to consider the report of Executive 1801's structural engineer, which fully supported the Claim; 3) failing to consider other evidence that supported coverage for the Claim; and 4) failing to consider provisions in the Policies that would provide coverage for non-excluded causes of loss that ensued from otherwise excluded causes of loss.

27.

As a direct and proximate result of Eagle West's breach of the implied covenant of good faith and fair dealing, Executive 1801 has been damaged in an amount to be proven at trial.

28.

Executive 1801 is entitled to an award of attorneys' fees and costs pursuant to ORS 742.061.

**DEMAND FOR JURY TRIAL**

29.

Pursuant to FRCP 38, plaintiff hereby demands a trial by jury of all claims and issues triable of right by a jury.

WHEREFORE, plaintiff prays for judgment against defendant as follows:

1.    On Plaintiff's First Cause of Action, for damages in an amount to be proved at trial, but not less than $3,000,000, plus pre-judgment interest at the statutory rate;

2.    On Plaintiff's Second Cause of Action, for damages in an amount to be proven at trial;

3.    For an award of attorneys' fees and costs pursuant to ORS 742.061; and

4.    For such other and further relief as the Court deems proper and just.


DATED:  April 5, 2018                    Respectfully submitted,


                                         By: s/ Kevin S. Mapes
                                             Kevin S. Mapes, OSB # 020079
                                             *Attorneys for Plaintiff Executive 1801 LLC*

1141008\v1