IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EXECUTIVE 1801 LLC,

        Plaintiff,

v.

EAGLE WEST INSURANCE COMPANY,

        Defendant.

No. 3:18-cv-00580-SB

ORDER

HERNÁNDEZ, District Judge:

Magistrate Judge Beckerman issued a Findings and Recommendation on March 2, 2022, in which she recommends that this Court adopt the Amended Findings and Recommendation and deny Defendant's Motion for Reconsideration. F&R, ECF 87. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

Defendant filed timely objections to the Magistrate Judge's Findings and Recommendation. Def. Obj., ECF 93. When any party objects to any portion of the Magistrate

1 - ORDER

Judge's Findings & Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

## BACKGROUND

This case involves an insurance claim related to damaged apartment complexes. The source of the present dispute began with Magistrate Judge Beckerman's resolution of Defendant's motion for summary judgment. At summary judgment, it appears that the question arose for the first time in this case as to the appropriate definition of "collapse" under Oregon law. Plaintiff, consistent with its approach to discovery, argued that collapse should be defined as "substantial impairment of structural integrity," citing 2004 and 2005 cases from this district. Defendant, by contrast, argued that collapse meant "to fall some distance," citing the 2009 Oregon Court of Appeals case *Hennessy v. Mutual of Enumclaw Ins. Co.*, 206 P.3d 1184, 1185–86 (Or. Ct. App. 2009). F&R 2. Because of the path discovery took in this case, Plaintiff did not cite any evidence to demonstrate it could survive summary judgment if the Court were to adopt Defendant's proposed definition.

In her original F&R, Judge Beckerman agreed with Defendant that "collapse" means "to fall some distance" under Oregon law and recommended granting summary judgment in Defendant's favor because of Plaintiff's failure to cite evidence under this definition. May 2021 F&R, ECF 55. In a footnote, however, Judge Beckerman noted that there was some evidence in the record that could support a finding that the properties had "fallen some distance." *Id.* at 17 n.5, n.6. In its objections, Plaintiff then cited the evidence from this footnote and submitted additional evidence on this point. Pl Obj., ECF 60; Lewis Decl., ECF 61. In light of this evidence

and argument, the Court referred the F&R back to Judge Beckerman consistent with Rule 72. Order, ECF 62. Then, Judge Beckerman issued an Amended F&R granting in part and denying in part summary judgment for Defendant. Citing evidence from the original summary judgment record and Plaintiff's objections, she concluded that there was an issue of fact on whether a covered collapse occurred. Am. F&R 17–18, ECF 63.

During the F&R process, however, Defendant did not get an opportunity to respond to Plaintiff's new arguments and evidence. Defendant filed objections to the Amended F&R on this point, Def. Obj., ECF 72, and to cure any prejudice to Defendant, the Court returned part of the F&R to Judge Beckerman so that Defendant could file a motion for reconsideration, Order, ECF 77. Presently before the Court is Judge Beckerman's F&R recommending that the Court deny Defendant's Motion for Reconsideration.

## DISCUSSION

The Court has carefully considered Defendant's objections. The Court has concerns about the admissibility of the evidence cited in support of Plaintiff's claim under the *Hennessy* definition of collapse, particularly since Plaintiff did not disclose either Lewis or Rose as experts in this case and both are offered to prove there was damage to structural elements of the apartments. *See* Am. F&R, 17–18 (describing how Lewis, a structural engineer, noted widespread damage to structural elements, "including, in places, 'over an inch' of downward movement" and Rose, a construction consultant, describes structural impairment due to hidden decay). The Court, however, finds that no discovery violations or procedural errors have occurred on the part of either Plaintiff or Judge Beckerman. Defendant unjustifiably feels that the case has proceeded unfairly against it. But it has not. Rather, this Court has sought an outcome that is substantively correct based on Oregon law and the record in front of it. Plaintiff did not

3 - ORDER

fail to disclose any claims or the basic theory of the case in its complaint or discovery. Compl., ECF 1 (alleging that covered collapse conditions existed on its property). Rather, the legal definition of "collapse" had not been squarely presented in this case until Defendant filed its summary judgment motion.[1] F&R 2. And while the record needs further development, the original summary judgment record contained some support for Plaintiff's claim. May 2021 F&R 17, n.5, n.6. In sum, Defendant's arguments are largely without merit, and Judge Beckerman did not err in failing to explicitly address them.

The Court finds that the proper course at this point is to grant the parties further time for expert and fact discovery solely on the issue of whether a covered collapse occurred under the *Hennessy* definition of collapse. This will cure the evidentiary issues noted by the Court above. The parties will also be given leave to file dispositive motions solely on whether a covered collapse occurred and, if relevant, Plaintiff's related claim for breach of the implied covenant of good faith and fair dealing.[2] Though further discovery and motions practice will prolong this case, it will also allow the parties and the Court to come to a sound conclusion on the merits of Plaintiff's claim.

---

[1] Further, excluding the evidence as a discovery sanction and granting Defendant summary judgment would be unwarranted in this case. *See R&R Sails, Inc. v. Ins. Co. of Pennsylvania.*, 673 F.3d 1240, 1247 (9th Cir. 2012) (citing *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001)) (recognizing that "violations of Rule 26 may warrant evidence preclusion" but that this sanction can be "harsh," especially where it deals a "fatal blow" to a claim). Defendant repeatedly accuses Plaintiff of changing its theory of the case, but it was Defendant who presented this issue on the meaning of "collapse" for the first time at summary judgment.

[2] To be clear, the other issues addressed by Judge Beckerman in her F&R—namely, Plaintiff's rain damage claim and Plaintiff's breach of the implied covenant of good faith and fair dealing claim related to the rain damage claim—have already been decided. Order, ECF 77. As the Court has stated previously, the parties shall not use the additional motions practice and discovery to relitigate any other issues already resolved by the F&R, including whether "collapse" is defined as substantial impairment of structural integrity under Oregon Law.

The Court has also reviewed the pertinent portions of the record *de novo* and finds no other error in the Magistrate Judge's Findings & Recommendation.

## CONCLUSION

The Court ADOPTS IN PART Magistrate Judge Beckerman's Findings and Recommendation [87]. As previously ordered [77], the Court has adopted Judge Beckerman's Amended Findings & Recommendation [63] as to the meaning of collapse under Oregon law and Plaintiff's rain damage claim. The Court, however, declines to adopt the remainder of the Amended Findings & Recommendation [63], specifically the issue of whether a covered collapse occurred and whether Defendant is entitled to summary judgment on Plaintiff's claim for breach of the implied covenant of good faith and fair dealing. In other words, the Court has not decided whether disputed factual issues remain with respect to whether a collapse occurred here. Further discovery and dispositive motions practice on this issue are warranted, as stated above. Accordingly, the Court GRANTS in part and DENIES in part Defendant's Motion for Summary Judgment [43] and DENIES Defendant's Motion for Reconsideration [81].

Within 14 days of this Order, the parties shall contact Judge Hernandez's Courtroom Deputy to set a scheduling conference. By noon the business day prior to the conference, the parties shall submit a joint proposed schedule to address the outstanding issues in this case.

IT IS SO ORDERED.

DATED:    November 17, 2022    .

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge

5 - ORDER