IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EXECUTIVE 1801 LLC,	No. 3:18-cv-00580-HZ

    Plaintiff,	OPINION & ORDER

v.

EAGLE WEST INSURANCE COMPANY,

    Defendant.

Kevin S. Mapes
Bateman Seidel Miner Blomgren Chellis & Gram, P.C.
1000 SW Broadway, Suite 1910
Portland, OR 97205

    Attorneys for Plaintiff

Lloyd Bernstein
Owen R. Mooney
Randy L. Arthur
Bullivant Houser Bailey PC
One SW Columbia Street, Suite 800
Portland, OR 97204

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiff Executive 1801 brings this action against Defendant Eagle West Insurance Company ("EWIC") for breach of contract and breach of the implied covenant of good faith and fair dealing after EWIC denied Executive 1801's insurance claim. This Court previously granted partial summary judgment on Executive 1801's rain damage claims, leaving only claims regarding "collapse." EWIC now moves for partial summary judgment. Because Executive 1801 has only presented evidence of potential collapse at eight specific building locations, Defendant's Motion for Partial Summary Judgment is GRANTED.

## BACKGROUND

Executive 1801 owns Executive 1801 Apartments, a group of six buildings with eighty-six residential units. Compl. ¶ 4, ECF No. 1. EWIC insured the property from January 1, 2006 until January 4, 2016. *Id.* at ¶ 5.

The insurance policy provided coverage "for direct physical loss or damage to Covered Property . . . caused by or resulting from any Covered Cause of Loss." Leporati Decl. Ex. A at 7, ECF No. 45. "Covered Causes of Loss" are "Risks of Direct Physical Loss unless the loss is" either excluded or limited, as further defined in the policy. Leporati Decl. Ex. A at 8. In Exclusions, the policy states "We will not pay for loss or damage caused directly or indirectly by . . . Collapse, except as provided in the Additional Coverage for Collapse. But if Collapse results in a Covered Cause of Loss, we will pay for the loss or damage caused by the Covered Cause of Loss." Leporati Decl. Ex. A at 16, 18. In Additional Coverages, the policy notes "We will pay for direct physical loss or damage to Covered Property, caused by collapse of a building or any part of a building insured under this policy, if the collapse is cause by . . . hidden decay."

2 – OPINION & ORDER

Leporati Decl. Ex. A at 9. The policy also notes that "Collapse does not include settling, cracking, shrinking, bulging or expansion." Leporati Decl. Ex. A at 10.

Executive 1801 submitted claims for coverage in June 2016, after discovering "widespread" damage. Compl. ¶ 15. Nearly two years later, EWIC denied coverage and Executive 1801 filed this lawsuit, alleging breach of contract and breach of the implied covenant of good faith and fair dealing, based on rain damage and structural collapse. *Id.* In January 2022, this Court granted partial summary judgment regarding the rain damage claims. ECF No. 77. Because there had been a dispute as to the meaning of "collapse," the Court then allowed additional discovery on that issue, using the *Hennessy*[1] definition of collapse, "to fall some distance." Nov. 17, 2022 Order, ECF No. 95. Defendant now moves for partial summary judgment on the collapse claims.

## STANDARDS

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting former Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927–28

---

[1] *Hennessy v. Mutual of Enumclaw Ins. Co.*, 206 P.3d 1184, 1188 (Or. Ct. App. 2009).

3 – OPINION & ORDER

(9th Cir. 2009) (internal quotation marks omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. *Bias v. Moynihan*, 508 F.3d 1212, 1218 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 324).

The substantive law governing a claim determines whether a fact is material. *Suever v. Connell*, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. *Earl v. Nielsen Media Rsch., Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support its claim than would otherwise be necessary. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Defendant acknowledges that Plaintiff has presented some evidence such that a jury could reasonably conclude that a covered collapse occurred, but only in eight specific instances. Defendant argues that summary judgment should be granted on all potential claims of collapse *except* those instances. Plaintiff argues that a jury could look at the eight specific instances of collapse and conclude that widespread and systemic conditions existed at access stairways, walkways, and balconies. Plaintiff, however, offers no evidence to back up this conjecture, maintaining simply that the photographs are representative of what happened throughout the property.

## I.     Defendant EWIC's Burden

To satisfy their burden as moving party, Defendant points to specific places in the record that indicate a dispute of material fact. Defendant then argues that there is otherwise "an absence of evidence" to support any other claims of collapse.

Defendant first addresses the report and photographs from Plaintiff's expert, Marcon Forensics, LLP. Marcon Forensics identified "evidence of rot damage and structural collapse" in the access stairways, the exterior walkways, and the balconies. Pl.'s Rule 26(a)(2) Expert Discl., Ex. 1 at 5. Defendant points to seven photographs that could indicate collapse:

- EXDT10995, the stairway beam at building 1-8;
- EXDT20282, the balcony stud framing assembly at building 37-44;
- EXDT20135, the stairway landing and support posts at building 55-58;
- EXDT20466, the stairway stringer and landing at building 59-62;
- EXDT20155, the stairway stringer and beam at building 63-66;
- EXDT20186, the stairway landing at building 75-82; and
- EXDT20200, the stairway landing at building 83-86.

*Id*. at 61, 102, 109, 114, 116, 138, and 196. Defendant also acknowledges the report of Plaintiff's expert West Coast Forensics, finding that stairway stringers near Units 63 and 77 "had fallen some distance due to hidden decay." Pl.'s Rule 26(a)(2) Expert Discl. Ex. 2 at 1. Finally, Defendant notes that Plaintiff's expert CERTA provided photos of decayed stairway end wall assemblies at an unspecified location. Pl.'s Rule 26(a)(2) Expert Discl. Ex. 3 at 32. Defendant argues that these photographs and expert statements are the only evidence of potential collapse in the record.

Despite months of additional discovery on this narrow issue, Plaintiff's responses to interrogatories do not reveal any additional instances of collapse. Interrogatory number 5 asked Plaintiff to "[d]escribe in full detail the damage to the Property . . . including the nature and location of the damage." Bernstein Decl. Ex. 12 at 2, ECF No. 137. Again, Plaintiff alleged that "[w]idespread and systemic collapse conditions existed at the property's access stairways, entry

5 – OPINION & ORDER

walkways, and balconies." *Id*. at 3. The only specific location that Plaintiff gave in this response, however, was the stairway stringers near Units 63 and 67. *Id*. Plaintiff noted that they "believe[d] that there was similar downward movement in stringers, landing beams, support posts, and floor sheathing throughout the property's access stairways and exterior walkways." *Id*. Interrogatory number 8 asked Plaintiff to identify "each and every component of the building" that is in a state of collapse. *Id*. at 4. Plaintiff identified no building components that were currently in a state of collapse. *Id*. For building components that were previously in a state of collapse, Plaintiff referred back to their answer to Interrogatory number 5. *Id*.

Defendant also asks the Court to specifically exclude two arguments. First, Defendant argues that the Court should find that "collapse" does not apply to "decay" conditions, pointing to two additional photos, EXDT20001 and EXDT20134. In these photos, Plaintiff's expert notes wood fibers that have delaminated, pulled away, and moved, arguing that the wood fibers fell some distance and therefore experienced collapse. Pl.'s Rule 26(a)(2) Expert Discl., Ex. 1 at 63, 102. Here, the Court agrees with Defendant. The movement of individual wood fibers is not contemplated under the *Hennessy* definition of collapse.

Finally, Defendant points to photos EXDT20036 and EXDT20054, which show the stairway beams at Buildings 9-18 and 19-24, respectively. The photos show that these stairway beams had been previously replaced, and Plaintiff's expert argues that this shows that they had experienced collapse. *Id*. at 6, 73, 78. Again, the Court agrees with Defendant. Conjecture that because stairway beams have been replaced, they must have experienced collapse, without any evidence to back it up, is insufficient to defeat summary judgment.

In summary, EWIC asks that partial summary judgment be granted, dismissing all claims except for at the following specific locations:

6 – OPINION & ORDER

1. Building – Units 1-8 – Stairway beam

2. Building – Units 37-44 – Balcony stud framing assembly

3. Building – Units 55-58 – Stairway support post

4. Building – Units 59-62 – Stairway stringer and landing

5. Building – Units 63-66 – Stairway stringer, landing, and beam

6. Building – Units 75-82 – Stairway stringer and landing

7. Building – Units 83-86 – Stairway landing

8. Unidentified Building – Stairway end wall assemblies.

## II.     Plaintiff Executive 1801's Burden

"Once the moving party shows the absence of evidence, the burden shifts to the nonmoving party to designate 'specific facts showing that there is a genuine issue for trial.'" Coverdell v. Dep't of Soc. & Health Servs., State of Wash., 834 F.2d 758, 769 (9th Cir. 1987) (quoting *Celotex*, 477 U.S. at 323.). Plaintiff failed to meet this burden.

In their response, Plaintiff does not point to any evidence or photographs that show downward movement in any additional locations. Rather, Plaintiff argues that "a jury could conclude that it is more likely than not that other building components 'fell some distance.'" Pl.'s Response 10, ECF No. 141.

Plaintiff also argues that Defendant's motion is an "early motion in limine, seeking to restrict what evidence Executive 1801 can present at trial." *Id*. at 5. However, "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex*, 477 U.S. at 323–24. Defendant's motion for partial summary judgment properly limits claims at trial to only those for which there is colorable

7 – OPINION & ORDER

evidence. Plaintiff's allegations of widespread, systemic collapse, without any evidence to back them up, are insufficient to defeat summary judgment.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion for Partial Summary Judgment, ECF No. 136, is GRANTED.

IT IS SO ORDERED.

DATED:__January 11, 2024_____.

_____
MARCO A. HERNANDEZ
United States District Judge

8 – OPINION & ORDER